# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 16-10762
Summary Calendar

————

United States Court of Appeals
Fifth Circuit

**FILED**

January 5, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ROBERTO MORENO LEON,

Defendant - Appellant

————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-10-1

————

Before BARKSDALE, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Roberto Moreno Leon appeals his 57-month within-Guidelines sentence for illegal reentry, in violation of 8 U.S.C. § 1326. He contends the district court committed a significant procedural error by misapplying the Sentencing Guidelines and using inconsistent reasoning to impose a greater-than-necessary sentence.

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 16-10762

Although post-*Booker*, the Sentencing Guidelines are advisory only, the district court must, *inter alia*, avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 48–51 (2007). Although Leon raised objections at sentencing regarding the length of his sentence, he did not raise these specific issues. And, in response to a question by the court after sentence was imposed, he stated he had no objection to it. Accordingly, review is only for plain error. *E.g.*, *United States v. Broussard*, 669 F.3d 537, 546 (5th Cir. 2012).

Under that standard, he must show a forfeited plain (clear or obvious) error that affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he does so, we have the discretion to correct the reversible plain error, but should do so only if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings". *Id.*

The record does not support Leon's contention that the court found a 24-month sentence to be no greater than necessary. The court expressly considered, and rejected, Leon's assertion that a downward variance to such a sentence was warranted in the light of the anticipated changes to Guideline § 2L1.2. In reaching this conclusion, the court properly applied the Guidelines in effect at the time of sentencing. *United States v. Rodarte-Vasquez*, 488 F.3d 316, 322 (5th Cir. 2007). It explicitly found the § 3553(a) sentencing factors required a within-Guidelines sentence of 57 months, which was sufficient, but "not greater than necessary to comply with the statutory purposes of sentencing". *See* 18 U.S.C. § 3553(a). At no point did the court find, or even imply, 24 months was a sentence that would be no greater than necessary. Accordingly, Leon does not show the requisite clear or obvious error. (In the alternative, Leon's assertions would fail under the usual standard of review.)

AFFIRMED.